IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONALD THOMPSON**, | Case No. 3:14-cv-01541-KI |
| Plaintiff, | **ORDER** |
| v. | |
| **ANDREW SAUL,** Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On August 3, 2015, the Court remanded this case for further proceedings, based on the stipulation of the parties. On November 5, 2015, the Court granted Plaintiff's stipulated application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $2,011.56.

Plaintiff's counsel now moves for attorney's fees of $7,687.50 pursuant to 42 U.S.C. § 406(b). If awarded the requested § 406(b) attorney's fees, Plaintiff's counsel will reimburse Plaintiff the $2,011.56 EAJA fee award. Plaintiff's retroactive benefits totaled $51,150.

Accordingly, the requested § 406(b) attorney's fees represent approximately 15 percent of Plaintiff's retroactive benefits.¹ Defendant does not object to the requested fees.²

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2,

---

¹ Plaintiff's counsel acknowledges that the § 406(a) agency fee of $5,100 received in this case is not included in the § 406(b) cap of 25 percent. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) ("Accordingly, the [§ 406(b)] 25% cap applies only to fees for representation before the court, not the agency."). Plaintiff's counsel notes, however, that it is the intent of the fee agreement with Plaintiff that counsel will only receive 25 percent total in fees, including the § 406(a) agency fee. Adding the requested § 406(b) fees with the already-received § 406(a) fees totals 25 percent of the back benefits.

² Plaintiff caption his motion as "unopposed" but stated in the body of his motion that Defendant's counsel had not yet communicated Defendant's position on the motion. The Court contacted Plaintiff's counsel for clarification and was informed that the motion is, indeed, unopposed.

PAGE 2 – ORDER

2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

The Court begins by analyzing whether the fee request is timely. Local Rule 4000-8 provides, in relevant part:

> Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable. An application submitted beyond the 60-day period will be deemed timely only upon a showing of good cause for the delay.

Because Plaintiff passed away during the adjudication of his social security claim, Plaintiff did not receive the usual Notice of Award that triggers the time period for filing a fee petition under § 406(b). Plaintiff instead received other types of notices. He received an "Important Information" notice from the Social Security Administration relating to his benefits on January 25, 2019. This notice stated that he was entitled to benefits, a portion of his benefits must be withheld to pay attorney's fees, the Administration "cannot withhold more than 25

percent" for attorney's fees, and $12,787.50 was withheld. No other information regarding Plaintiff's retroactive benefits was included in this notice. Plaintiff's counsel filed a motion for § 406(b) fees based on this notice on April 4, 2019. He calculated the total amount of retroactive benefits by calculating that $12,787.50 was 25 percent of $51,150. Plaintiff's counsel withdrew the motion after consulting with Defendant's counsel.

Plaintiff received another "Important Information" notice on August 16, 2019, which included the amount of past due benefits ($51,150) awarded to Plaintiff. Plaintiff's counsel filed the pending motion, arguing that it was this notice that contained the information necessary under Local Rule 4000-8. Counsel argues in the alternative that Local Rule 4000-8 does not "strictly apply" in this case because no "Notice of Award" was issued by the Social Security Administration and only "Important Information" notices were issued. Finally, Plaintiff's counsel argues that even if his fee application is considered untimely under Local Rule 4000-8, there is good cause to deem the application timely. Counsel asserts that good cause exists because he first delayed filing waiting to receive a Notice of Award and he then withdrew his previous motion and delayed filing until Plaintiff received a notice that stated the amount of retroactive benefits.

The Court notes that the first notice contained sufficient information to "calculate" the total retroactive benefits. Regardless, given the unique circumstances and unusual notices involved in this case, the fee application is timely or deemed timely.

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its substantive analysis by reviewing the contingency fee agreement between Plaintiff and his counsel. ECF 26-3. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, the

requested fee award is approximately 15 percent, well under the statutory maximum. When combined with the agency fee award, it equals the amount agreed upon in the fee agreement.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a stipulated remand for further proceedings), the representation of Plaintiff was professional, and there was no delay attributable to Plaintiff's counsel. The fee award also will not result in a windfall to Plaintiff's counsel. Plaintiff's counsel worked 10.6 hours, and thus the effective hourly rate is approximately $725. The Court notes that effective hourly rates exceeding $1,000 have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84). The Court finds that no downward adjustment is necessary in this case.

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 26) is GRANTED. Plaintiff's counsel is entitled to attorney's fees in the amount of $7,687.50. The Commissioner is directed to issue Plaintiff's attorney a section 406(b) check in the amount of $7,687.50, less any applicable administrative assessment as allowed by statute. Upon receipt of the 406(b) check, Plaintiff's counsel shall refund to Plaintiff the $2,011.56 previously received by Plaintiff's counsel under the EAJA.

**IT IS SO ORDERED.**

DATED this 6th day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge